In the Matter of the Claim of MICHAEL CISZEWSKI, Respondent, against
CURTISS-WRIGHT CORPORATION et al., Appellants. WORKMEN'S COMPENSATION
BOARD, Respondent.— This is an appeal by an employer and its insurance
carrier from an award in favor of claimant for partial disability. The employer
was engaged in the manufacture of airplanes and airplane parts at Buffalo,
New York, and claimant was employed as an inspector. On March 24, 1945,
as the claimant lifted a container of terminals weighing approximately 200
pounds from the floor of the factory to a truck, he suffered lumbar muscular
strain and was totally disabled from April 9, 1945, until May 24th following,
for which period he was paid compensation. The Workmen's Compensation
Board held that claimant was partially disabled from May 24, 1945, to July 5,
1949, and made an award to him for that period. There is competent proof in
the record to sustain the findings of the board. Award unanimously affirmed,
with costs to the Workmen's Compensation Board. Present — Foster, P. J.,
Heffernan, Brewster and Coon, JJ.

■

In the Matter of the Claim of GEORGE BOTTKE, Respondent, against GLOBE
STATIONERY AND TOY COMPANY et al., Appellants. WORKMEN'S COMPENSATION
BOARD, Respondent.— Appeal from a decision and award of the Workmen's
Compensation Board. Claimant was regularly employed as a stock and shipping
clerk in a toy and stationery establishment. At certain seasons he was required
to do additional work in partitioning space for additional quantities of mer-
chandise. On March 28, 1949, he was erecting a partition. The board could
find from the record that the partition sections, weighing fifty pounds, were
lifted into position with the aid of another employee; were nailed together by
claimant while standing on the fourth or fifth step of a ladder; that this was
more arduous than his usual work and placed a heavier physical strain on
claimant. The board could find also that he suffered an acute attack of coronary
thrombosis with myocardial infarction while doing this work and, upon a
disputed record in this respect, that there was association between the unusual
strain of the work and the consequent circulatory disturbance. With the
record in this condition the board could conclude the accidental nature of the
physical condition and make an award. Decision and award unanimously
affirmed, with costs to the Workmen's Compensation Board. Present — Foster,
P. J., Heffernan, Brewster, Bergan and Coon, JJ.